# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| NANCY B., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:18-CV-925-JVB |
| | ) |
| ANDREW SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Nancy B. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the Administrative Law Judge's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits under Title II. In her application, Plaintiff alleged that she became disabled on September 20, 2014. (AR 11). After a hearing in 2017, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of status post cervical fusion with residual degenerative disc disease; postlaminectomy syndrome; degenerative disc disease of the lumbar spine; status post right rotator cuff tear; bilateral carpal tunnel syndrome; Morton's neuroma of the left foot; and obesity. (AR 13). The ALJ also found that Plaintiff suffered from the nonsevere impairments of hypertension, hyperlipidemia, history of kidney stones, sinusitis, and migraines. (AR 14). The ALJ found that Plaintiff is unable to perform any past relevant work. (AR 20). The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (AR 21-22). Therefore, the ALJ found her to be not disabled from September 20, 2014, through the date of the decision. (AR 22). This decision became final when the Appeals Council denied Plaintiff's request for review. (AR 1).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff contends that the ALJ committed three reversible errors: the ALJ erred in failing to consider all of her medically determinable impairments and the combined impact of them on her residual functional capacity (RFC), the ALJ overemphasized Plaintiff's daily activities in analyzing her subjective symptoms, and the ALJ erred in failing to give weight to Plaintiff's strong work history.

## A. RFC Determination

Plaintiff asserts that the ALJ failed to incorporate limitations from all of her severe and non-severe impairments in combination. At step four of the sequential evaluation, an ALJ must assess a claimant's RFC. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) ("The RFC is an assessment of what work-related activities the claimant can perform despite her limitations."); *see also* 20 C.F.R. § 404.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3). According to the regulations:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies of ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Although an ALJ is not required to discuss every piece of evidence, she must consider all of the evidence that is relevant to the disability determination and provide enough analysis in her decision to permit meaningful judicial review. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Young*, 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to [her] conclusion." *Scott v. Barhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ must also consider the combination of impairments, as the impairments in combination "might well be totally disabling" even if the impairments alone may not be serious. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011).

First, Plaintiff asserts that the ALJ failed to fully consider the limitations caused by her cervical impairments. She alleges that the ALJ failed to acknowledge that her surgery failed to

address her pain completely, and that she required multiple medications to deal with her pain and neuropathy. Plaintiff argues that the ALJ should have included limitations related to cervical extension, flexion, lateral flexion, and rotation in the RFC. However, the ALJ fully considered the effects of Plaintiff's cervical impairment.

The ALJ noted that Plaintiff's neck pain improved with her fusion surgery. (AR 16-17). Although she complained of stiffness following her surgery, later examinations showed full range of motion in her neck. (AR 18, 837, 899). The ALJ then noted that a June 2017 x-ray showed "satisfactory postoperative appearance of the anterior cervical fusion at C4 through C7 with no acute bony abnormality, and only mild disc space narrowing at the C3 to C4 level." (AR 18). Moreover, upon examination, Plaintiff had full strength, normal extremities, intact sensation, good range of motion, and a normal gait. (AR 18). While Plaintiff did show reduced range of motion briefly after her surgery, the ALJ noted that this was temporary. Therefore, the ALJ properly did not include any limitations in the RFC related to Plaintiff's cervical impairments.

Plaintiff cites to her surgical discharge instructions to support her assertion that the ALJ erred in failing to provide more significant limitations in the RFC. However, as the ALJ noted, those instructions were temporary and did not extend indefinitely. (AR 19). Plaintiff does not point to any medical evidence to show that her limitations extended past her recovery period. Moreover, the ALJ properly considered Plaintiff's assertion that she requires pain medication, but also noted that the medication decreased her pain and increased her ability to function. (AR 17-18). The ALJ also properly considered her pre and post-surgical diagnoses, but she found that they did not require further functional limitations. (AR 17-18). Plaintiff points to her husband's testimony that Plaintiff cannot look down, *see* (AR 87), but the ALJ assigned little weight to this testimony, noting the full ranges of motion found upon medical examination in the record, *see* (AR 20). Further,

4

Plaintiff does not argue that the ALJ erred in assigning little weight to her husband's testimony. The ALJ supported her decision with substantial evidence, and Plaintiff has not supplied any medical evidence to support further limitations.

## B. DAILY ACTIVITIES

Plaintiff next claims that the ALJ erred in overemphasizing her daily activities when analyzing her subjective symptoms. Social Security regulations provide that, along with medical evidence, activities of daily living will be taken into account in evaluating an applicant's symptoms. 20 C.F.R. § 404.1529. However, an ALJ must recognize the critical difference between activities of daily living and working full-time. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). An individual's "ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time." *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013).

The ALJ found that Plaintiff's subjective symptoms were not consistent with the evidence in the record. In focusing on the daily activities, the ALJ noted that Plaintiff could take care of her own personal hygiene, drive, and do laundry, although she needed to take breaks while washing dishes. At no point did the ALJ compare Plaintiff's daily activities to work. The ALJ acknowledged that Plaintiff required breaks in doing the dishes but found that overall her daily activities were not consistent with her alleged symptoms. Thus, the ALJ's consideration of Plaintiff's daily activities, along with other evidence of her credibility, was appropriate under 20 C.F.R. § 404.1529, and the ALJ did not err in her subjective symptoms analysis.

## WORK HISTORY

Finally, Plaintiff argues that she is entitled to substantial credibility due to her work history. Plaintiff's work history, however, does not entitle her to an automatic finding of substantial

credibility. The Seventh Circuit, like the social security regulations, uses work history as one of many factors to determine credibility, with none being automatically dispositive. *See, e.g., Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (utilizing multiple factors in determining credibility); *Shumaker v. Colvin*, 632 F. App'x 861, 867 (7th Cir. 2015).

Moreover, the Seventh Circuit has repeatedly found that the ALJ does not need to discuss work history in evaluating subjective symptoms. *See, e.g., Penrod ex rel. Penrod v. Berryhill*, 900 F.3d 474, 478 (7th Cir. 2018) (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)) ("The ALJ did not commit reversible error by failing to explicitly discuss Summers's work history when evaluating her credibility."); *Best v. Berryhill*, 730 F. App'x 380, 383 (7th Cir. 2018) ("But none of these cases establish that an ALJ commits reversible error by not mentioning a claimant's work history in the written opinion."). Furthermore, failing to directly mention work history does not mean that the ALJ failed to consider it. *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016). The ALJ need only "minimally articulate" the reasons for subjective symptom judgments. *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992). The ALJ relied on a variety of factors in discrediting Plaintiff's subjective symptoms, and she was not required to give Plaintiff's subjective symptoms great weight due to her work history alone.

## CONCLUSION

The ALJ did not err in her RFC determination or her analysis of Plaintiff's subjective symptoms. For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

SO ORDERED on January 27, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT